UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

REDO L. ROLLING,

        Petitioner,

v.

UNKNOWN PART(Y)(IES),

        Respondents.
_____/

Case No. 1:24-cv-525

Honorable Jane M. Beckering

## **OPINION**

This is an action for a writ of mandamus, pursuant to 28 U.S.C. § 1361, brought by a federal inmate currently incarcerated at the Federal Medical Center (FMC) Butner in Butner, North Carolina. The Court has granted Petitioner leave to proceed *in forma pauperis* in a separate order.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Petitioner's *pro se* filings indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Petitioner's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Petitioner's action as frivolous. The Court will also deny Petitioner's motion for a writ of mandamus (ECF No. 1).

**Discussion**

I. **Factual Allegations**

As noted above, Petitioner is presently incarcerated at FMC Butner in Butner, North Carolina. He names Unknown Part(y)(ies) as Respondents.

On August 25, 2022, following a jury trial in this Court, Petitioner was convicted of three counts of aiding and abetting bank robbery and one count of aiding and abetting an attempt to commit Hobbs Act robbery. *See* Jury Verdict, *United States v. Rolling*, No. 1:22-cr-34-2 (W.D. Mich.) (ECF No. 78). The jury found Petitioner not guilty of two counts of Hobbs Act robbery. *See id.* On January 5, 2023, the Court sentenced Petitioner to concurrent terms of 120 months' imprisonment for each conviction. *See* J., *id.* (ECF No. 116). Petitioner's appeal of his convictions and sentences is currently pending in the United States Court of Appeals for the Sixth Circuit.

In his motion for writ of mandamus, Petitioner indicates that he has been attempting to obtain copies of his medical records and grievances/complaints from the Newaygo County, Michigan, Administrative Office since September of 2023. (ECF No. 1, PageID.1.) Petitioner was told that his requests were not governed by the Freedom of Information Act. (*Id.*) According to Petitioner, these documents "will reveal the gross [negligence] of [the] Newaygo County Jail not provid[]ing [him] with proper medical care." (*Id.*) Petitioner maintains that he is "fighting stage 3 cancer due to this neglect." (*Id.*) As relief, Petitioner requests that the Court issue an order of mandamus directing the release of his medical records and grievances/complaints. (*Id.*)

II. **Writ of Mandamus**

The writ of mandamus has been abolished in district court practice. *See* Fed. R. Civ. P. 81(b). However, "[r]elief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." *Id.* Under 28 U.S.C. § 1651, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable

to the usages and principles of law." *See* 28 U.S.C. § 1651. Moreover, under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See id.* § 1361.

Section 1361, by its terms, applies only to officers or employees of the United States and does not apply to state officials. *See Knox v. Unknown Party*, No. 1:18-cv-362, 2018 WL 2382002, at *2 (W.D. Mich. May 25, 2018), *aff'd sub nom. Knox v. Unknown Parties*, No. 18-1734, 2019 WL 2422799 (6th Cir. Jan. 2, 2019). Here, Petitioner seeks mandamus relief against unknown Newaygo County officials, presumably individuals employed at the Newaygo County Jail, where Petitioner was presumably detained while his federal criminal proceedings were pending in this Court. Even if officials at the Newaygo County Jail have contracted with the federal government to house federal pretrial detainees, that does not automatically make those officials officers or employees of the United States for purposes of § 1361. This Court simply has no authority to issue writs of mandamus to direct state officials to conform their actions and conduct to state law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *see also Haggard v. Tennessee*, 421 F.3d 1384, 1386 (6th Cir. 1970) (noting that "federal courts have no authority to issue writs of mandamus to direct state courts or judicial officers in the performance of their duties").

Moreover, "[m]andamus is an extraordinary remedy and will not lie if other remedies are available." *Lifestar Ambulance Serv. v. United States*, 365 F.3d 1293, 1298 (11th Cir. 2004). Here, Petitioner has the option of filing a civil rights suit pursuant to 42 U.S.C. § 1983 against officials at the Newaygo County Jail to assert his claims regarding inadequate medical care. If Petitioner

3

chose to file such a suit, he could rely on the discovery process to obtain copies of his medical records and grievances/complaints.

For these reasons, the Court cannot grant Petitioner the mandamus relief he seeks. An action may be dismissed as frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because Petitioner's request for mamdamus relief lacks an arguable basis in law, his action will be dismissed with prejudice as frivolous. *See Seyka v. Corrigan*, 46 F. App'x 260, 261 (6th Cir. 2002) (dismissing as meritless prisoner's request for mandamus relief in civil rights case); *Topsidis v. State*, No. 97-3283, 1997 WL 778106, at *1 (6th Cir. Dec. 11, 1997) (affirming dismissal of mandamus action challenging state conviction); *Sparks v. Doe*, No. 85-3463, 1985 WL 14132, at *1 (6th Cir. Dec. 13, 1985) (affirming district court's dismissal of state prisoner's mandamus action as frivolous); *In re Hess*, No. 85-3293, 1985 13545 (6th Cir. July 19, 1985) (concluding that petitioner's petition for a writ of prohibition was frivolous). Given this conclusion, the Court will also deny Petitioner's motion for a writ of mandamus (ECF No. 1).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Petitioner's action will be dismissed as frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also deny Petitioner's motion for writ of mandamus (ECF No. 1).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Petitioner's action properly dismissed, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge*

4

*v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

  This is a dismissal as described by 28 U.S.C. § 1915(g).

  An order and judgment consistent with this opinion will be entered.


Dated:  June 12, 2024         /s/ Jane M. Beckering
                   Jane M. Beckering
                   United States District Judge